# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PERSHEEN DEJANIERO )
WILLIAMS, )
           )
    Plaintiff, )
           )
v. )      Case No. CV414-153
           )
OFFICER RAYMOND )
HADLENWANG and )
OFFICER MICHAEL FORAN, )
           )
    Defendant. )

## ORDER

Proceeding *pro se*, inmate Persheen Dejaniero Williams brings this presumed civil rights case (he does not use a 42 U.S.C. § 1983 form complaint, much less identify any particular claim) against Officer Raymond Haldenwang and Officer Michael Foran.  Doc. 1.[1]  Plaintiff

---

[1] Since he has completed his *in forma pauperis* ("IFP") paperwork, docs. 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief. *See also* 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(2).

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are

does not say what jurisdiction those officers hail from, but he complains of excessive force in conjunction with a stop, if not an arrest. Williams claims that Foran approached him while he stood outside his vehicle on a Thunderbolt, Georgia street and directed him to show his driver's license and proof of insurance. *Id.* at 3. Williams asked if there was a problem; Foran replied no. While Williams retrieved his documents, Haldenwang approached and asked him what he was doing.

> Plaintiff explained what he had been asked to do, but Haldenwang told him to move to the back of the car, then shov[ed] him against the trunk of the vehicle. After shoving him, Haldenwang then grab[bed] the plaintiff[']s arm [and] abruptly pushe[d] him harder against the vehicle. The plaintiff ask[ed] if there was a problem and as he turn[ed] his head he [was] struck in the mouth by Hald[en]wang. Plaintiff yell[ed] wh[y] did you hit me? Haldenwang then grab[bed] plaintiff[, threw] him to the ground, [and] proceed[ed] to strike him over and over again. Plaintiff scream[ed] for help and for [defendant Haldenwang] to please stop. Foran join[ed] in and began [an] additional assault on [Williams]. Both officers used fists, batons and finally stun guns repeatedly, thereby causing severe injuries. Plaintiff did not resist or obstruct this attack. Plaintiff's female

---

thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

acquaintance, Maria Mcneill, was present during this incident, but was detained by Foran before he aided Haldenwang in the assault. David Boone . . . of Depositos restaurant[,] also witnessed the officers standing above the plaintiff in strking poses as he lay on the ground.

*Id.* at 3-4.

Plaintiff seeks damages for a legal claim he does not identify. Doc. 1 at 5. Since he is proceeding *pro se*, the Court will construe his pleadings liberally but not raise and litigate claims for him.[2] To that end, some bright legal lines exist in this area. A warrantless arrest made without probable cause violates the Fourth Amendment. One thus can sue the police for that under 42 U.S.C. § 1983. But an arrest made with probable cause constitutes an absolute bar to a § 1983 action for false arrest. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). Williams seems to claim that he was warrantlessly arrested without probable cause.

---

[2] "While Congress has chosen to provide indigents with access to the courts by way of its IFP statute, it has not funded a *pro se* support function. Judges, then, at most can construe liberally what *pro se* litigants say factually, but they cannot develop legal arguments or plug the legal holes in their cases for them." *Swain v. Colorado Tech. Univ.*, 2014 WL 3012693 at * 1 (S.D. Ga. June 12, 2014); *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010).

Yet, he never formally pleads that, much less expresses any specific Fourth Amendment or other claim.

He also seems to allege an excessive-force claim under the Fourth Amendment. Here the courts have also drawn bright lines that police cannot cross. *See Runge v. Snow*, 514 F. App'x 891, 894 (11th Cir. 2013) (the unnecessary use of force when a criminal suspect is detained and not resisting arrest constitutes excessive force); *Hilger v. Velazquez*, 463 F. App'x 847, 849 (11th Cir. 2012) (officers were not entitled to qualified immunity when they slammed a handcuffed woman against a wall and then continued to cause her harm once she fell to the floor); *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002) (police used excessive force when an already handcuffed woman was slammed against her car); *Wilson v. Price*, 2014 WL 2895855 at * 3 (N.D. Ga. Feb. 26, 2014). These cases demonstrate that police must apply reasoned restraint and common sense when using force against others.[3]

---

[3] Even excessive *displays* of force are prohibited:

It was a scene right out of a Hollywood movie. On August 21, 2010, after more than a month of planning, teams from the Orange County Sheriff's Office

Although plaintiff has set forth no specific claim, what he has pled suggests he may be able to plead enough facts to support warrantless arrest and excessive force claims. The Court thus will give him a second chance.[4] Within 30 days of the date this Order is served, plaintiff must file an Amended Complaint specifying what legal

---

descended on multiple target locations. They blocked the entrances and exits to the parking lots so no one could leave and no one could enter. With some team members dressed in ballistic vests and masks, and with guns drawn, the deputies rushed into their target destinations, handcuffed the stunned occupants -- and demanded to see their barbers' licenses. The Orange County Sheriff's Office was providing muscle for the Florida Department of Business and Professional Regulation's administrative inspection of barbershops to discover licensing violations.

We first held nineteen years ago that conducting a run-of-the-mill administrative inspection as though it is a criminal raid, when no indication exists that safety will be threatened by the inspection, violates clearly established Fourth Amendment rights. *See Swint v. City of Wadley*, 51 F.3d 988 (11th Cir. 1995). We reaffirmed that principle in 2007 when we held that other deputies of the very same Orange County Sheriff's Office who participated in a similar warrantless criminal raid under the guise of executing an administrative inspection were not entitled to qualified immunity. *See Bruce v. Beary*, 498 F.3d 1232 (11th Cir. 2007). Today, we repeat that same message once again. We hope that the third time will be the charm.

*Berry v. Leslie*, ___ F. 3d ___, 2014 WL 4558168 at * 1 (11th Cir. Sept. 16, 2014).

[4] *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

claims he wishes to raise in this case. Failure to comply with this Order will result in a recommendation that his case be dismissed.

Finally, Williams must pay his filing fee. His furnished account information shows that he has averaged $14.91 in his prison account during the past six months. Doc. 5. He therefore owes a $2.98 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall remit that to the Clerk of Court (payable to the "Clerk of Court") plus 20 percent of all future deposits to his account, forward those additional funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED** this _15_<sup>TH</sup> day of October, 2014.


_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**